UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES JACKSON,

          Petitioner,

-vs-                                                    Case No.  8:05-cv-1008-T-24EAJ

RONALD TADLOCK,  Warden,
SECRETARY, DEPT. OF CORRECTIONS,

          Respondents.
_____

**ORDER**

This cause is before the court on a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by counsel for Petitioner James Jackson. Jackson challenges his conviction and sentence entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

PROCEDURAL HISTORY

On June 28, 1999, Jackson was charged by Information with one count of carjacking, in violation of Fla. Stat. 812.133(2)(b). (Vol. I: R 17-20).[1] The case proceeded to jury trial on July 10-11, 2000. Jackson was represented by privately-retained counsel. (Vol. I: R 29). The jury found Jackson guilty of carjacking, as charged. (Vol. I: R 60). On July 11, 2000, after the jury returned its verdict, the state trial court sentenced Jackson to thirty years incarceration as a prison releasee reoffender. (Vol. I: R 106-111).

---

[1] The two-volume record on direct appeal in Case No. 2D00-3271 is attached as Respondent's Exhibit 15.

Jackson, through privately-retained counsel, pursued a direct appeal, raising one issue "The evidence was insufficient to support the conviction for carjacking." (Exhibit 1). On July 20, 2001, in Case No. 2D00-3271, the state district court of appeal per curiam affirmed Jackson's conviction and sentence. (Exhibit 4). Jackson v. State, 793 So. 2d 946 (Fla. 2d DCA 2001)[Table].

On September 25, 2001, Jackson filed a rule 3.850 motion for postconviction relief. (Exhibit 6), raising eight claims of ineffective assistance of trial counsel. Jackson alleged his trial counsel was ineffective for: (1) failing to advise Jackson of a viable involuntary intoxication defense; (2) failing to locate, investigate, and/or subpoena witnesses who would have testified that Jackson was extremely intoxicated on alcohol, marijuana, and crack cocaine prior to, and during the time period the offense was committed; (3) failing to object when the state court trial judge failed to place Jackson under oath during the waiver of right to testify hearing; (4) failing to object to Jackson's not being present at a bench conference; (5) waiving speedy trial without a bona fide reason; (6) conceding Jackson's guilt without consent; (7) failing to object when the court failed to swear prospective jurors prior to voir dire; (8) failing to depose state witness Donald Foxworth.

On April 19, 2002, the state trial court summarily denied grounds three, four, seven, and part of ground two of the rule 3.850 motion, and ordered the State to respond to the remaining claims. (Exhibit 7). The State conceded that an evidentiary hearing was appropriate on the unresolved grounds, as an evidentiary hearing was held on April 10, 2003. (Exhibit 8). The court heard the testimony of Petitioner Jackson and three defense witnesses, as well as State's witness Michael O'Haire, Jackson's defense counsel at trial.

Following the hearing, on July 29, 2003, the state trial court denied the remaining rule 3.850 claims. (Exhibit 9). Jackson appealed the adverse ruling, raising three issues: (1) the trial court erred in determining that trial counsel did not concede guilt; (2) the trial court erred in determining that trial counsel was not ineffective for failing to present a voluntary intoxication defense during trial; (3) the trial court erred in determining that the issue of whether the jury was sworn should be dismissed on a lack of prejudice standard. (Exhibit 10).

On July 12, 2004, in Case No. 2D03-3759, the state district court of appeal per curiam affirmed the state trial court's denial of postconviction relief. (Exhibit 13). Jackson v. State, 2004 Fla. App. LEXIS 9740 (Fla. 2d DCA 2004).

The present federal petition was filed timely by Jackson's privately-retained attorneys on May 31, 2005. (Doc No. 1). A review of the record demonstrates that, for the following reasons, Jackson's petition must be **DENIED.**

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it

must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

### STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Jackson raises two allegations of ineffective assistance of trial counsel. In order to show a violation of the Sixth Amendment right to counsel, Jackson must satisfy the two-pronged inquiry of Strickland v. Washington, 466 U.S. 668, 687(1984); see Bell v. Cone, 535 U.S. 685, 698 (2002)(courts should apply Strickland to claims that counsel failed to satisfy constitutional requirements at specific points). First, Jackson must demonstrate that the attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, Jackson must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Jackson must prove both prongs of Strickland. Therefore, if Jackson fails to establish either deficient performance or prejudice, the court need not address the other prong. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,...that course should be followed."); Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

## DISCUSSION

### Ground One

Jackson alleges that trial counsel, Michael O'Haire, was ineffective for conceding Jackson's guilt during opening statement at trial, and that he did so without Jackson's consent. Because counsel never conceded that Jackson was guilty of carjacking, this claim must be denied.

In his opening statement, defense counsel told the jury:

> MR. O'HAIRE: Good afternoon. This I suppose is a rare occurrence. I'm going to agree with just about everything that the prosecutor has said. We're not going to argue over a bunch of things in this case.
>
> We're going to agree and I agree with the State that Mr. Jackson was there that evening. We agree that Mr. Jackson hit the driver just as the State said. We also agree that yes he got into the passenger's side of the automobile.
>
> But he did not drive the automobile. The State attorney has told you about a principal theory and the judge is going to instruct you that in order to use that there has to be a conscious intent that a theft be done by Mr. Jackson before you can convict him under that evidence.
>
> Also, in order to take something there has to be an intent. There has to be intent to permanently deprive the owner of the automobile.
>
> So you're going to have to decide factually everything is pretty much agreed upon but you're going to have to decide did he intend to commit this crime and did he intend to permanently deprive the owner of the car?
>
> Now, Mr. Jackson went as far as to confess to doing the things we talked about. He talked to the detective, confessed to those things, confessed on a video tape which the State will show you.
>
> Listen very clearly to the things that he says. Not one time does he admit to intentionally stealing this automobile. Not one time does he admit to driving it. Indeed there was another person there a Roger Hill and Roger Hill is not here. He's the driver

. . . .

> Listen very carefully and again I say this is a rather odd situation because we agree with what the State is saying factually. The decision is one that you have to make a fine line decision between intent in this matter. Thank you.

(Vol. II: T 18-20).[2]

In Florida, the elements of carjacking, a first-degree felony, are that: (1) the defendant took a motor vehicle from the person or custody of the victim; (2) the defendant used force, violence, assault, or put the victim in fear in the course of the taking; and (3) the taking was done with the intent (a) to temporarily or permanently deprive the victim of his right to the motor vehicle or any benefit from it, or (b) to appropriate the motor vehicle of the victim to his own use or to the use of any person not entitled to it. Fryer v. State, 732 So. 2d 30, 33 (Fla. 5th DCA 1999)(emphasis added); Standard Jury Instructions in Criminal Cases, 697 So. 2d 84 (Fla. 1997).  During opening statement and throughout the trial, defense counsel's strategy was to emphasize to the jury that the State had not proved the essential element of intent.

Trial counsel did not concede that Jackson had committed carjacking. Counsel admitted the existence of some underlying facts that were established by Jackson's confession and the testimony of eyewitnesses. Because counsel did not concede guilt on the carjacking offense, Jackson's reliance on Florida v. Nixon, 543 U.S. 175 (2004), is misplaced. The Nixon Court held that, in a capital case, where counsel must consider both

---

[2] The trial transcript is contained in Volume II of the record on direct appeal (Exhibit 15).  Respondent states that there is one supplemental record volume which contains only a copy of the videotape of Jackson's interview with Detective James Jackson (no relation). The videotape was played for the jury at trial. Respondent states that he has the videotape and will provide it if necessary.

the guilt and penalty phase in determining trial strategy, counsel's failure to obtain his client's express consent to a strategy of conceding guilt did not automatically render counsel's performance deficient. Nixon's counsel had conceded guilt to the first degree murder charge in order to gain credibility with the jury and strengthen the defense's ability to persuade the jury in the penalty phase of the trial to spare Nixon's life. 543 U.S. at 190-193.  Jackson's trial counsel did not concede guilt on the crime charged, and raised a defense to which Jackson had agreed after discussions about strategy. In light of the circumstances in this case, the state court's conclusion that counsel's performance was not deficient under the Strickland test was objectively reasonable. Therefore, Jackson is not entitled to federal habeas corpus relief on Ground One.

## Ground Two

Jackson asserts trial counsel was ineffective by failing to present a voluntary intoxication defense during the trial. Jackson's postconviction counsel[3] presented Jackson's testimony and the testimony of Jackson's uncle, Derrick Jackson, Jackson's sister, Gloria Jackson, and Jackson's wife, Alicia Andrews. (EH 22-36).[4]  The witnesses testified to Jackson's ingestion of various drugs or alcohol on the day of the offense, and to varying states of Jackson's intoxication.

---

[3] Jackson was represented by Frank Fernandez, Esq. at the postconviction evidentiary hearing. The record before the Court does not show whether he was court-appointed or retained.  Jackson filed a motion for court-appointed attorney (See online docket for Hillsborough County), but the docket does not show whether the motion was denied or granted.

[4] Respondent provided the evidentiary hearing transcript as Respondent's Exhibit 8.  References to the transcript are indicated by the letters "EH," followed by the court reporter's page number located in the upper right hand corner of the page.

At the hearing, Petitioner Jackson testified:

> I advised Mr. O'Haire that I participated in a fight and I also told Mr. O'Haire that I was intoxicated on alcohol and crack cocaine that day and I also told him that I didn't have no knowledge of the crime.

(EH 5).

Jackson also testified that he told his attorney that he drank approximately three quarts of alcohol and was under the influence of crack cocaine and marijuana, but Attorney O'Haire never advised him that voluntary intoxication was a defense to carjacking. (EH 6-7, 11, 13). Jackson also testified he never told the detective who took his statement that he was drinking that day. (EH 15).

The State called Jackson's trial counsel O'Haire, to testify at the hearing. (EH 36-47). The state trial court, in its final order denying relief, set out the following factual findings as to Attorney O'Haire's testimony:

> At said hearing, Mr. O'Haire testified that he never discussed the voluntary intoxication defense with Defendant because Defendant told him that he had some beers around and at the time of the incident, but nothing that would rise to the level of being qualified as a defense. (See April 10. 2003 Transcript, pages 37-38, attached). He further testified that no one, including Defendant ever told him that Defendant was high on crack cocaine the day of the offense or had taken any drugs. (See April 10, 2003 Transcript, pages 38 and 41, attached). Mr. O'Haire testified that Defendant did not tell him that he was intoxicated or drunk at the time of the offense. (See April 10, 2003 Transcript, page 38, attached).
>
> Moreover, Mr. O'Haire testified that nobody ever told him that Defendant had at least ten beers on the day of the offense prior to the commission of the offense. (See April 10, 2003 Transcript, page 38, attached). When asked what the theory of defense was, and the basis for his decision to raise that defense, Mr. O'Haire testified as follows:
>
>> The defense was that he didn't intend to be involved in this carjacking. He didn't intend to steal this car. The basis was that he had already admitted and the confession came in that he

> had struck this individual and gotten in the car. But he had never admitted that he intended to steal the car. It was always Roger that intended to steal the car. The defense was that even though what transpired did transpire he didn't intend to carjack this automobile.
>
> (See April 10, 2003 Transcript, pages 39-40, attached). He further testified that in a post Miranda[5] taped statement, Defendant admitted to striking the victim and getting into the automobile, but did not admit to intending to steal the automobile. (See April 10, 2003 Transcript, page 40, attached). He further testified that he does not believe that Defendant ever mentioned to the detective during the taped confession or at any time that he was high on drugs that night. (See April 10, 2003 Transcript, pages 40-41, attached).
>
> Mr. O'Haire testified that Defendant seemed to have a clear recollection of the events that took place on the night of the incident, and never gave any indication that he did not have a clear recollection of the events that occurred that night. (See April 10, 2003 Transcript, pages 42-43, attached). Lastly, he testified that he discussed the theory of defense with Defendant and Defendant agreed that it was the best possible defense at trial in view of the fact that there were numerous eyewitnesses and a confession. (See April 10, 2003 Transcript, page 47, attached).

(Order Denying Motion for Postconviction Relief [Exhibit 8] at pp. 3-4).

The state trial court reviewed the testimony, evidence, argument of counsel at the hearing, the court file, and the record, and found Attorney O'Haire's testimony to be more credible than that of the other witnesses who testified at the evidentiary hearing. (Order denying relief at p. 4). The court concluded trial counsel had not performed deficiently when he failed to advise Jackson of a voluntary intoxication defense when "neither Defendant or anyone else ever indicated to Mr. O'Haire that Defendant was intoxicated and/or high on drugs at the time of the offense." (Order denying relief at pp. 4- 5). Consequently, the court

---

[5] Miranda v. Arizona, 384 U.S. 436 (1966).

concluded that Jackson failed to meet the first prong of the Strickland test, and further inquiry into the prejudice prong was unnecessary. (Order denying relief at p. 5).

The record supports the state trial court's findings. Defense counsel focused on Jackson's defense, which was that Jackson did not intend to commit a carjacking, although the facts showed Jackson hit the victim and entered the passenger-side of the victim's vehicle. (Vol. II: T 19). During the April 10, 2003, evidentiary hearing, defense counsel O'Haire testified that he never conceded Jackson's guilt, but only conceded what factually happened. (EH 42). Apparently, Jackson admitted to police he hit the victim. In addition, the state had eye-witnesses supporting this fact. (EH 42). Thus, counsel's opening statement emphasized Jackson's defense that Jackson did not have the intent to steal the victim's vehicle; instead, Jackson entered the victim's vehicle because he needed a ride. (EH 39-40).

The state trial court's disposition of this claim was objectively reasonable. Defense counsel cannot be deemed ineffective for failing to advise Jackson of the defense of voluntary intoxication under the circumstances of this case where there was no evidence to sustain such a defense. See Link v. State, 429 So. 2d 836, 837 (Fla. 3d DCA 1983) (In order for a defendant to be entitled to an instruction to the jury on voluntary intoxication as a defense, there must be some evidence to show that the intoxication prevented his forming the requisite specific intent). Trial counsel O'Haire, whose testimony was found to be credible by the state trial court, testified that Jackson never told him he was intoxicated or high on drugs at the time the offense was committed. (EH 41). Moreover, any such

assertion is belied by the fact that Jackson had a clear recollection of events. (EH 42-43).[6] Attorney O'Haire testified that Jackson and he discussed the presentation of the defense that was ultimately chosen, and Jackson agreed that it was the best possible defense at trial in light of the fact that there were numerous eyewitnesses and a confession. (EH 47). "The decision whether to present a line of defense or even to investigate it, 'is a matter of strategy and is not ineffective unless the petitioner can prove that the chosen course, in itself, was unreasonable.' " Brownlee v. Haley, 306 F.3d 1043 (11th Cir. 2002)(quoting Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc)). Jackson has the burden of overcoming the presumption that, given the particular circumstances, the challenged acts of defense counsel might be deemed sound trial strategy. Strickland, 466 U.S. at 689. Jackson did not carry his burden in this case, and he has not shown that the state court's resolution of his claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Jackson is not entitled to habeas corpus relief on ground two.

Accordingly, the Court orders:

That Petitioner Jackson's petition is denied, with prejudice. The Clerk is directed to enter judgment against Jackson and to close this case.

---

[6] Attorney O'Haire testified at the postconviction hearing that Jackson remembered striking the owner of the vehicle, remembered that coperpetrator Roger Hill told Jackson to get in the car, remembered he got in the stolen car because he needed a ride home, and remembered Mr. Hill selling the stereo that came from the stolen car. (EH 42-43).

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 9, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record